The judgment of the Court was delivered by
Gibson J. —
I have never known an instance in which the scire facias was issued by the justices The practice has, I believe, been universal, to revive by a scire facias in the Common Pleas ; and that ajon'e would be a sufficient reason for not disturbing it. The docketting of the transcript is for the purpose of binding, and having execution of, the defendant’s, land, with which it whs intended the justice should have nothing to do ; the'judgment for the purpose of affecting the land, being considered as in the Common Pleas, and for the purpose of having execution of the person or goods, as still remaining with the justice: and as the scire facias to have execution of the land is a judicial writ, being a part of the proceeding to execution, it is difficult to see any reason why the justice should have jurisdiction of it. There may be terre-tenants, not parties to the original suit, who are concerned only in respect of the land, and against whom the judgment is de terris. These may come in, and raise questions of difficult solution, which could never have been intended to be submitted to his decision; and it would j beside, seem an incongruity for a justice to decide *481 on the propriety of the Common Pleas awarding execution. How could his decision be signified so that the Court might be judicially informed of it and obey it ? It is said that a transcript of his judgment on the scire facias also, should be filed. But that would supersede the old transcript; and, in strictness, seem to break the continuity of the lien, as there would be no apparent connection on the record between the old and new transcript to lead á purchaser to suppose thát the lien of the latter extended further back than, the date of its entry. But the doctrine asserted would directly enlarge the jurisdiction of the justice beyond what was intended' by the Legislature. He cap hold jurisdiction of a matter made cognisable before him, for a sum exceeding a hundred dollars, only where the parties appear voluntarily before him: not in an. adverse proceeding involving more than that amount; and a scire facias is an adverse proceeding involving, under the plea of paymént or set-off, a variety' of matters of indefinite amount. In the case before us, the sum in controversy is more than five hundred dollars. Where,’ therefore, the matter' may be tried by a jury, as it always may be where the Common Pleas get cognisance of it by transcript, the justice cannot have jurisdiction.
Judgment affirmed.