## Green *against* Leymer.

If a judgment be confessed before, and entered by, a justice of the peace, for a sum exceeding 100 dollars, the merits of it cannot afterwards be inquired into by the justice ; he has no further jurisdiction over the subject.

A transcript of a judgment of a justice for a sum exceeding 100 dollars, may be filed in the common pleas, and upon a *scire facias quare executio non* and judgment thereon, an execution may issue, although there had not been an execution from the justice, and return of *"nulla bona."*

ERROR to the common pleas of *Dauphin* county.

Richard Green confessed a judgment in favour of John Leymer before a justice, for a sum exceeding 100 dollars, a transcript whereof was filed by the plaintiff in the common pleas. Subsequently the defendant represented to the justice that there had been a mistake in the original judgment, and the justice gave notice to the plaintiff to appear before him: the plaintiff did not appear, and the justice opened the judgment and inquired into the merits of the judgment, and reduced its amount. The plaintiff issued a *scire facias quare executio non* out of court, to which the defendant appeared and pleaded *nul tiel record,* and payment. On the trial the defendant offered in evidence the docket of the justice in order to show the facts above stated. The plaintiff objected to the evidence, on the ground that the justice had no power to open the judgment, and his proceedings were void. The court (Blythe, president) sustained the objection and rejected the evidence. A verdict and judgment were rendered for the plaintiff, and an execution issued out of court. The defendant moved to set aside the execution on the ground that none had ever issued from before the justice, upon which a return of *"nulla bona"* could have been made. The court refused to set it aside.

The rejection of the evidence, refusal to set aside the *fieri facias,* and exercising jurisdiction to issue the *scire facias,* were the subjects of the assignments of error.

*M'Clure,* for plaintiff in error, cited, Drum *v.* Snyder, 1 *Binn.* 381 ; Daily *v.* Gifford, 12 *Serg. & Rawle* 72 ; 3 *Penns. Rep.* 472 ; Berryhill et al. *v.* Wells, 5 *Binn.* 56 ; *Ashmead* 151.

*Fisher* and *M'Cormick,* contra, cited, King *v.* King, 1 *Penns. Rep.* 20 ; Brannon *v.* Kelly, 8 *Serg. & Rawle* 479.

The opinion of the court was delivered by

KENNEDY, J.—As to the first error, I think the court below was

[Green v. Leymer.'

right in rejecting the docket of the justie. The sum claimed by the plaintiff before the justice, exceeding in amount the sum of 100 dollars, it is very clear from the act of assembly of the 20th of March 1810, giving jurisdiction to justices of the peace in the cases therein specified, that the justice could only take cognizance of the plaintiff's claim by the consent and agreement of both the parties. The extent of his authority or jurisdiction in such case is limited and confined by the fourteenth section of the act strictly to the terms of the agreement under which the action is entered before him. By the agreement then in this case, it was not submitted to the justice to examine into and ascertain the amount of the plaintiff's demand : this was agreed between the parties themselves to be 115 dollars and 52 cents; for which sum they directed the justice to enter a judgment against the defendant, by confession, in favour of the plaintiff, which was accordingly done. Hence by the agreement of the parties, under the express terms of the act of assembly, the justice, at the time of entering the judgment, or at any subsequent period, had no power or authority whatever, without the consent of both the parties, to examine into or alter the sum for which it was confessed before him. But having, some time after the judgment was confessed, upon the application of the defendant alone, and without the consent of the plaintiff, undertaken to investigate the foundation and merits of the plaintiff's claim under it, and having thereupon set it aside, and rendered an entirely different one of his own in favour of the plaintiff for a much less sum, this latter proceeding and judgment must therefore be considered absolutely void for want of jurisdiction on the part of the justice, and his docket containing the record thereof inadmissible as evidence to reduce the plaintiff's claim under the original judgment. It was therefore properly rejected by the court, when offered for that purpose by the defendant below.

I also think the second error assigned is not sustainable. The execution sued out in this case, was not issued upon the transcript of the judgment, taken from the justice and filed in the prothonotary's office, but upon the judgment rendered by the court of common pleas, in the writ of *scire facias* sued out upon the transcript. The judgment rendered in the *scire facias* by the court of common pleas must be considered a new and distinct judgment from that entered by the justice. It is for an enlarged sum, including the interest upon the justice's judgment from its date to the time of rendering the judgment by the court ; the amount of which latter judgment becomes a new principal upon which interest is to be allowed under the second section of the act of 1700, giving interest to the creditor upon his judgment from its date till satisfied : the costs of the proceeding in the *scire facias*, as well as the costs on the judgment before the justice, are likewise included in the judgment given in the *scire facias*. Now unless the plaintiff is entitled to have an execution on this judgment from the court, it is impossible that he can have the effect of

[Green v. Leymer.]

it ; for it cannot be pretended that the justice, before whom the original judgment was had, can issue any upon it ; nor yet issue one in any form to authorize the levy and collection of the amount of it. And although the tenth section of the act of 1810 does require that an execution shall be issued first by the justice entering the judgment, and that a return of "no goods," shall be made thereon by the constable, before an execution shall be issued by the prothonotary on the transcript of the judgment filed with him, yet this restriction cannot be applied to the suing out of an execution upon the judgment rendered in the *scire facias,* because it is, as I have said, a different judgment from that entered by the justice, of which the transcript is filed, and one in relation to which the justice has no authority whatever given to him by the act.   It might as well be contended, that the plaintiff in the judgment before the justice, (if, instead of suing out a *scire facias* on the transcript of it in the common pleas, he had brought an action of debt therein upon it, and recovered a new judgment in court, including the principal and interest of the original judgment up to the time of rendering the new judgment by the court, with the costs of both suits), could not have an execution upon his judgment thus obtained in court, until he had first caused one to be issued upon his judgment before the justice, and failed by this means to recover the amount of it.   This latter proposition, I take it, will be universally admitted to be untenable ; yet upon examination it will be found, that according to the established rule of practice in this state, the judgment which is given in favour of a plaintiff in a writ of *scire facias quare executionem non,* is precisely the same that is rendered in his favour in an action of debt brought by him upon the original judgment.   This being so, it seems to me that no good reason can be given why the plaintiff should not be permitted at once in either case to proceed by execution, sued out of court upon his judgment rendered therein, to levy and collect the amount of it.

With respect to the third error, which is the only remaining one, if I apprehend the meaning of it rightly, it is that a writ of *scire facias quare executionem non* cannot be sued out of the court of common pleas upon a transcript of a judgment given by a justice of the peace, which has been entered on the docket or records of the court, in the manner authorized by the tenth section of the act of 1810.   The only reason alleged in support of this exception is, that the act does not specifically authorize it.   But I do not consider this essentially requisite.   It is sufficient, I conceive, to authorize the suing out of such writ, if, by entering on the prothonotary's docket the transcript of the judgment obtained before the justice, it becomes, under the operation of the act, a record of the court.   That it does become a record of the court by being so entered, cannot, I think, be fairly questioned.   For it is expressly provided by the act, that an execution may be sued out of the court upon it, to take the real estate of the defendant in execution, after a return of "no goods" shall have

[Green **v.** Leymer.]

been made to one previously issued from the justice; in which it is not only treated as a record of the court, but as a judgment of the same, and so ruled by this court in the case of Brannon *v.* Kelly, 8 *Serg. & Rawle* 479, where it was held that a *scire facias* to revive the judgment might be sued out on the transcript from the court of common pleas, and that the writ, which recited the judgment as one given by the court, was well enough.

A *scire facias* in England, although deemed a judicial writ, and founded on some matter of record, still participates so much of the nature of an original writ in many cases, that the defendant may plead to it; and in this respect it is considered as an action which may be released by a release of "all actions." But in this state it is assimilated still more closely to an original writ or action than in England, where no judgment is given for the recovery of interest on the debt, nor was any given for costs until the passage of 8 *and* 9 *W.* 3, *cap.* 11, *sect.* 3 ; 6 *Bac. Abr.* (*by Wilson*), *tit. Scire Facias* (*A*) 102, 103 ; 3 *Burr.* 1791; 2 *Tidd. Pr.* 920, 921, 982, 1185, 1186, 8*th Lond. ed.*

But here the judgment rendered in favour of the plaintiff in such writ is uniformly for the recovery of the debt, with interest thereon to the time of giving the judgment, together with the costs of suit, in all cases ; precisely in the same manner as if it were an action of debt. I therefore think the plaintiff below was well entitled to a writ of *scire facias* in this case.

Judgment affirmed.