## Cummings et uxor *versus* Miller et al.

1. To support an action against a wife, even for family necessaries, it must be averred in the declaration, as well as shown by the evidence, that the debt was contracted by herself, and not by her and the husband jointly.

2. Her exclusive use of the articles purchased, as building materials for a house being built by her, will not make her liable; the cause of action against her arising solely from her personal contract.

3. A joint promise by the husband and wife is, in law, but the promise of the husband.

ERROR to the Court of Common Pleas of *Snyder County.*

The opinion of the court was delivered by

STRONG, J.—It is a radical fault in this record, that the declaration exhibits no cause of action against the wife. All the counts aver a joint promise made by the husband and wife, in consideration of goods sold to them, or work done for them. At common law, such a declaration is clearly no foundation for a judgment against a wife. The act of April 11th, 1848 (generally known as the Married Woman's Act), introduced some changes into our law respecting the liability to action of femes covert, but it did not make a wife liable for family necessaries even, on a joint contract with her husband. For a debt incurred for articles necessary for the support of the family of a husband and wife, judgment may be obtained against her, and her separate property may be reached, if the debt was contracted by her. But to render her liable it is indispensable that she contract the debt. And what is essential to liability must be pleaded. It is not sufficient that it appear in proof. A verdict may, indeed, cure formal defects in pleading, but it cannot supply the want of a cause of action. In *Murray* v. *Keyes & Wife*, 11 Casey, 384, and in *Parke & Wife* v. *Kleber & Brother*, 1 Wright, 251, the necessity of averring in the declaration the peculiar facts which, under the act of assembly, must have existed, in order to make the wife chargeable, is sufficiently vindicated. The latter case entirely covers the present. There it was ruled that a joint contract by the husband and wife does not make her separate estate liable even for necessaries. For this there is the best reason. A joint promise by a husband and wife is, in law, but the promise of the husband.

It is faintly urged that the declaration contains a sufficient averment of the wife's liability, because, in one of the counts, the goods are alleged to have been used by her "in the building of a house then being built by her." Not so. Her liability and that of her separate property, under the act of assembly, do not grow out of her use of the articles purchased, but out of her personal contract. Family necessaries are

[Eckert v. Cameron et al.]

generally used by the wife. Something more than use is necessary to make her responsible. And the count upon which the defendants in error rely, while it avers that the goods and materials were used by the wife in erecting her building, avers also that they were sold to the husband and wife. There is nothing, then, on the record to support the judgment in this case.

We discover no other error. With the limitations imposed by the court, the evidence referred to in the first bill of exceptions was properly admitted. Certainly, there was no other valid objection to it than such as arose from the state of the pleadings.

Whether the order drawn by A. S. Cummings on Miller & Son was given in evidence does not appear; but, if it was, no harm was done to the defendants. And we think there was no error in submitting to the jury whether the debt was contracted by the wife. Had the declaration been sufficient, that question must have been submitted. There was some evidence of it, and certainly the court could not have said anything in the case disproved such a contract. But for the insufficiency of the pleadings the judgment must be reversed. An amended declaration may, perhaps, enable the parties to determine the merits of the controversy between them.

Judgment reversed, and a *venire de novo* awarded.