## Swanger *versus* Snyder.

*Attachment-execution issued on transcript of judgment of justice, not void
for want of return of no goods.—Garnishee not bound to defend
after notice to defendant and judgment in attachment suit.*

1. An attachment in execution issued out of the Common Pleas on a tran-
script of the judgment of a justice of the peace, is not void for want of a
certificate of "no goods:" at most the proceeding by attachment was irregular:
but, *semble,* that it was not.
2. But if the attachment was void, the defendant, who, after notice from
the garnishee to appear and defend, suffered judgment in the attachment to
go against him, cannot afterwards object that it was erroneously issued:
nor, after such notice and judgment, is the garnishee bound to interpose
the want of the certificate of no goods in objection to the attachment: nor
is it sufficient to convict the garnishee of fraudulent collusion, that he em-
ployed the attorney of the attaching creditor to draw up his answers, where
the judgment of the justice was sound, the debt honestly due, and notice of
attachment proceedings given to the debtor.

ERROR to the Common Pleas of *Lebanon county.*

This was an action of debt by Michael Swanger against Samuel
Snyder, to recover the amount due on a promissory note for $200,
dated March 17th 1860.

There was no difficulty in regard to the plaintiff's claim in this
case; it was conceded to be valid; the only question arose on
the defence.

Sarah Walborn had obtained two judgments against the plain-
tiff in this suit before a justice of the peace of Dauphin county,
and filed transcripts thereof in the prothonotary's office, and
copies of the record were brought to Lebanon county, and filed
under the Act of Assembly. Attachments in execution were
issued on the judgments, and the money due by Snyder to Swanger
had been attached. The process was not served on Swanger, who

[Swanger v. Snyder.]

resided out of the county, but notice was given him by Snyder, with a request for him to attend to the cases and make defence, if any he had. This was not done, and Snyder put in answers, under a rule, admitting the amount of money in his hands due to Swanger, on which the court on motion rendered judgments in favour of the attaching creditor for the amount of those debts, leaving a small balance still due to Swanger. This money was paid on the attachments, and the present defendant claimed a credit therefor in this action. This was objected to on the ground that the proceeding was irregular, in this: that no execution was issued and returned *nulla bona* before the attachments issued, and that the present defendant should have set that up as a defence against the attachment.

On the trial the attachment-executions were admitted in evidence under exception. The plaintiff's counsel requested the court to charge the jury,

1. No attachment-execution can issue on a transcript from a justice of the peace, unless there has been an execution previously issued on such judgment by the justice, and a return of "no goods" made thereon.

2. No execution having been issued by the justice on the transcripts upon which the execution-attachments in question were predicated, the judgments recovered against the garnishee were unsound, and therefore cannot be interposed by him as a defence to the plaintiff's recovery in this action.

3. The defendant, as garnishee in the attachment-executions, was bound to make every legal defence against the plaintiff's recovery that the defendant in that proceeding could have made, and if the jury believe that he did not do so, the judgment in the attachment-executions will be no defence in this action.

4. If the jury believe that the defendant, after the service of such process upon him, employed the counsel of the plaintiff in the attachment-executions also as his attorney in those cases, this, in addition to the fact that he permitted judgment to be entered against him without interposing the objection that no execution had been issued by the justice, is sufficient evidence of fraud and collusion as entirely to vitiate the judgments on the execution-attachments as against the present plaintiff, and therefore such judgments are no defence to the plaintiff's recovery in the present action.

5. If the jury believe the evidence of the plaintiff, he will be entitled to recover the full amount of his claim with interest.

The court below (PEARSON, J.) instructed the jury as follows:—

"It is very true that the garnishee in the attachment should make every legal defence against the payment of the money, if he wishes to avail himself thereof against the claims of his own creditor, or as we conceive should give the party whose money or

[Swanger *v.* Snyder.]

property he holds an opportunity to make it by notifying him of the proceeding. That, it is averred, was done here, which is a fact for you to decide. The objection to the want of an execution from the justice is *purely technical*, even if it applies to this case. The Act of Assembly says that ' no *fieri facias* shall issue,' &c., which this attachment in execution is not. Yet some respectable courts have held that such process is within the spirit and intention of the act, which we will now take for granted, yet as the provision is introduced for the benefit of the defendant it may be waived. Had Swanger resided in the county, and been served with process, he was bound to make this defence himself, not throw it on the garnishee, and if he was notified by the latter, and requested to defend, he was bound to do so, or inform the garnishee of the facts relied on. Such process is not *void*, but may be cured by acquiescence: Dunn *v.* Fries, 4 L. J. 473; Moore *v.* Risden, 5 Id. 429; and after the judgment on the transcript has been revived by *scire facias* in court, no execution and return of the magistrate is necessary: Green *v.* Leymer, 3 Watts 381. It has been repeatedly held that such defect would not avail in an action of ejectment founded on a sheriff's sale, as it should have been raised at the earliest day, and before the acknowledgment of the sheriff's deed. It is considered so purely technical that none but the debtor could take advantage of it, and therefore other creditors could not say that the process was void. [We are of the opinion that if Swanger had notice, he should have interposed this defence himself, and cannot now say that the attachments were void—they are at most only *voidable*, and he has the judgment of the court against him, which protects the present defendant.] We will answer the points:—

" 1. No '*fieri facias*' can issue until an execution has issued from the justice of the peace before whom the judgment was entered, and for the present we will assume that no execution-attachment can issue.

" 2 and 3. This would be the law if the defendant in the attachment lived out of the county, and was not served with process; but if the garnishee gave him due notice of the proceeding and requested him to make a defence, and he failed to make it, he cannot now avoid the judgment of the court against the garnishee on this merely technical objection. If the defendant in the judgment wished to raise that or any other technical objection, he should have defended in the case.

" 4. The fact of employing the plaintiff's counsel to draw up his answers, is not sufficient evidence *per se* of collusion on the part of the garnishee, unless there had been something wrong in the *answers*; if such had been the case it would have been, as the employment of such counsel, although perhaps not unusual, is improper. But formal objections such as that interposed now,

[Swanger *v.* Snyder.]

should be raised by the defendant in the judgment when notified that the proceeding was pending; and the garnishee cannot be expected to know or understand what had been done by the justice.

" 5. This point answered in the negative.

" The tender is not available, not being pleaded, or the money brought into court and tendered on the trial. Your verdict must be in favour of the plaintiff for the balance due."

To this charge the plaintiff's counsel excepted. Under these instructions there was a verdict in favour of plaintiff for only $16.54. Whereupon he sued out this writ, and assigned as reasons for reversing the judgment, that the court below erred in admitting evidence of the attachment execution; in the answers to the plaintiff's second, third, and fourth points; and in that portion of the general charge printed above in brackets.

*Josiah Funk* and *Grant Weidman*, for plaintiff.—1. To the first three propositions submitted to the court below the answer seems to be " that no such attachments can issue without a previous execution by the justice and return of " no goods," if the defendant lived out of the county and had no notice of the proceeding; but if the jury believe that Swanger, the defendant in the execution-attachments—although not served with process—was notified by the garnishee of the proceedings, and requested to make defence, and he failed to make it, he cannot now avoid the judgment of the court against the garnishee on this merely technical objection. " If the defendant in the judgment wished to raise that or any other technical objection, he should have defended in the case."

In this answer we think there was manifest error. The Act of Assembly which confers jurisdiction upon the court in this case, provides that " No *fieri facias* shall be issued by any prothonotary until a certificate shall be first produced to him from the justice stating therein that an execution had issued to the proper constable, as directed by this act, and a return thereon that no goods could be found sufficient to satisfy said demand." This act embraces attachments on justice's transcripts, but an execution must first be issued by the justice and a return of *nulla bona* made : Hitchcock *v.* Long, 2 W. & S. 169 ; Drexel *v.* Man, 6 Id. 343 ; Cleaverstine *v.* Law, 5 Pa. L. J. 459 ; Id., 429 and 430.

The present plaintiff had a right to suppose that such defence would be made, as the garnishee was bound to contest every inch of ground or remain answerable for the fund : Baldy *v.* Brady, 3 Harris 108 ; Stoner *v.* Comwonwealth, 4 Id. 392. Even irregularities in the proceedings on the attachment, may be insisted on by the garnishee if there were any, who would be liable to the debtor if he paid over the money on an unsound judgment : Skidmore *v.* Bradford, 4 Barr 300. The same principle applies to

foreign attachments: Myers *v.* Urich, 1 Binn. 25; Hall, Assignee, *v.* Knapp, Garnishee, 1 Barr 214. The present plaintiff lived beyond the jurisdiction of the court, and as he was not served, and could not give this case personal attention without additional expense and inconvenience to himself, it would seem reasonable, if the garnishee can in this way relieve himself of the legal duty of contesting the attachment, that notice should be clear and explicit; that no defence would be interposed unless the defendant in the judgment appeared and made it himself. To allow the notice given in this case that effect, would be unjust to the plaintiff, and would be establishing a principle facilitating collusion and fraud between the attaching creditor and the garnishee.

The answer to the fourth point should have been in the affirmative: 1 Bouv. Law Dic. 547.

*A. R. Boughter* and *C. P. Miller*, for defendant.—1. Swanger having been notified of the proceedings, requested to make defence to the attachments in execution before defendant filed his answers, and having failed to do so, cannot now avoid the judgment of the court by setting up the purely technical objection that no executions were issued and returned *nulla bona* before the attachments were issued. The act says: " that no *fieri facias* shall issue," &c. An attachment in execution is in the nature of a *scire facias*, giving the parties a day in court: Ogilsby *v.* Lee, 7 W. & S. 444; McCormick *v.* Hancock, 2 Barr 310; Gemmil *v.* Butler, 4 Id. 233. And so far as it partakes of the nature of a *fieri facias* is under the control of the court to see that it is not used vexatiously: Kase *v.* Kase, 10 Casey 131. Such process is not void, but may be cured by acquiescence: Dum *v.* Fries, 4 Penna. Law Jour. 473. See Green *v.* Leymer, 3 Watts 381; Hinds *v.* Scott, 1 Jones 19; Vastine *v.* Fury, 2 S. & R. 476; Baily *v.* Wagoner, 17 Id. 327; Spear *v.* Sampler, 4 Watts 373. Baldy *v.* Brady and Stoner *v.* Commonwealth are not applicable to this case; the plaintiff should certainly not complain of his own negligence. See Elliott *v.* McGovern, 10 Harris 201; Thompson *v.* Philips, 1 Bald. 246.

The opinion of the court was delivered, May 24th 1865, by

STRONG, J.—Though the Act of Assembly which authorizes transcripts of judgments of justices of the peace to be filed and entered on the dockets of Courts of Common Pleas, declares that no *fieri facias* shall be issued by any prothonotary, until after a production to him of a certificate of a justice that an execution had been issued to a constable and returned " no goods " sufficient, it cannot be held that attachment-executions founded on such transferred judgment are void, unless the record shows such a certificate of a fruitless execution. The most that can be said of

[Swanger v. Snyder.]

such attachments is that they are irregular, and even that may be doubted. They are quite unlike writs of *fieri facias*, for they are required to be served upon the defendant when he is a resident of the county in which the attachment is issued, and the defendant may have a day in court. The Act of Assembly does not in words apply to attachments, and they do not seem to be within its spirit, when the defendant has an opportunity to be heard in opposition to the claim of the attaching creditor. The prohibition of the act is no more positive than is the second section of the general Act of 1836, relating to executions, which enacts that no execution shall be issued upon any judgment, unless the party against whom it shall have been rendered, his heirs, executors, and administrators, shall be first warned by a writ of *scire facias*, yet this has been held not to prohibit an attachment-execution: Ogilsby v. Lee, 7 W. & S. 444; Gemmill v. Butler, 4 Barr 232. In these cases the attachment-execution was treated as not even irregular. Conceding, however, in this case that the attachment was irregular, and that it might have been avoided, we think the court was right in holding that the plaintiff in error, who was the defendant in the attachment-execution, is not to be heard now in asserting its irregularity. If he had notice of the attachment, and still suffered judgment to go against the garnishee, he waived his right to object that the writ issued erroneously. It may be that the garnishee may take advantage of irregularities in the proceedings on the attachment, and that he would be liable to the debtor if he paid over the money in his hands on an unsound judgment. This is all that was said in Skidmore v. Bradford, 4 Barr 296, but the judgment against Swanger, on which Snyder paid over the money, is not alleged to have been unsound. A *scire facias* confessedly might have been issued upon it, to which Swanger would have had no defence; Green v. Seymour, 3 Watts 381; and he has suffered by nothing the garnishee has done. He has lost the advantage of a mere technicality, and lost it through his own neglect. We think the court below viewed the case correctly, and that there was no error either in receiving in evidence the attachment-execution, or in the charge relative to its effect, or in the answer to the plaintiff's second and third points.

Nor was there error in the answer to the fourth point. There was no pretence that the answers made to the interrogatories were untrue, or that the plaintiff was wronged by them. It may be unusual for a garnishee to employ the attorney of the attaching creditor to prepare his answers, but it does not necessarily conclude those answers to be fraudulent.

The judgment is affirmed.