Opinion delivered by
Pershing, P. J.
On the 3d of December, 1859, the plaintiff obtained a judgment against the defendants, before a Justice of the Peace, by default for the sum of $33.24. On the 7th of December, 1859, a transcript of the proceedings before the Justice was entered on the records of this court, where it was permitted to rest till the 15th of May, 1871, when a scire facias was issued to No. 565, June Term, 1871. On the trial the court directed a verdict in favor of the plaintiff, reserving the question, whether upon the face of the transcript offered in evidence by the plaintiff, upon which the judgment was entered on the records of the court, there was such a judgment as could be revived in the action then before the court? A rule was at the same time granted to show cause why judgment should not be entered for the defendants “ non ob-stante veredicto.” This is the question now for our decision. Had the judgment rendered by the Justice been appealed from, or brought into court on a writ of certiorari, within the time limited by law, it is not pretended that it could have been sustained. The transcript presents the case of a joint action against Bracey and wife for “ flour and feed,” and a judgment against them by default without it appealing that even the plaintiff himself was sworn to his account. The Justice in his proceedings, as shown by his transcript, fell far short of a compliance with the fourth section of the Act of 28th March, 1810. The record of the Justice must show affirmatively all that is necessary to give him jurisdiction. Mulvary v. Miller, 1 Browne, 339; McCale v. Kulp, 28 Leg. *16 Int. 260. Courts like those of Justices of the Peace are of limited jurisdiction, and hence they must not only act within the scope of their authority, but it must appear on the face of their proceedings that they did so, *otherwise all that they do is eoram non judioe, and void. 1 Pet. C. C. 36.
Now, the Act of 11th April, 1848, for the protection of married women, provides, section 8, that where debts are contracted for the support and maintenance of the family of any married woman, the creditor may institute suit against the husband and wife for the price of such necessaries. The proviso to the section is, that “judgment shall not be rendered against the wife, in such joint action, unless it shall have been proved that the debt sued for in such action was contracted by the wife, or incurred for articles necessary for the support of the family of the husband and wife.”
This legislation has received a construction in a large number of cases. To render the wife liable it is indispensable that she herself contract the debt, and that it be incurred for necessaries. And what is essential to liability must be pleaded. It is not sufficient that it appear in proof. A joint contract by husband and wife does not make her estate liable even for necessaries. Without a cause of action declared of record against the wife, a judgment cannot be sustained intended to be levied on her estate. Cummings and Wife v. Miller and Wife, 3 Grant, 146; Murray et al. v. Keyes et ux., 11 Casey, 384; Parke and Wife v. Kleber, 1 Wr. 251.
Not only does the record of the Justice in the present case fail to show any cause of action against the wife, but the execution, issued from his docket in 1863, upon the judgment of the plaintiff, was against the defendants jointly, and not first against the husband alone, as directed by section 8 of the Act of 11th April, 1848. It was argued that the contention between the parties to this action is conclusively settled by the decisions of the Supreme Court. The cases of Lacock v. White, 7 Harris, 495, and Boyd v. Miller, 2 P. F. S. 431 (a case not cited in any subsequent decision of the Supreme Court), are relied on as sustaining this position. The point decided in the first of these cases is, that “the Common Pleas has no power to open a judgment entered on the transcript of a judgment by a Justice of the Peace, filed in court as a lien, and to let the defendant into a defence.” The second of *17 these cases is based upon Lacock v. White, and decides that where a judgment was obtained against husband and wife before a Justice of the Peace for the husband’s debt, which was not appealed from, and the transcript was entered in the Court of Common Pleas, and an execution issued, that the Common Pleas had no jurisdiction to open the judgment; that the wife’s only remedy was by appeal; that for all purposes but lien the judgment remained before the Justice; and that one court cannot overhaul a judgment while it remains within the jurisdiction of the court that renders it. Some of the earlier decisions do not seem to be entirely consistent with this ruling. In King v. King, 1 Pa. R. 20, it is said that a transcript entered on the docket of the Common Pleas is, as regards real estate, virtually a judgment *of that court, consequently it may be set aside on motion, with or without an issue, where it has been surreptitiously obtained, or it may be only opened to let the party into a defence, where he has missed his time either through accident or mistake; a practice extremely beneficial, and founded on the chancery powers, which our courts are in the daily habit of exercising. In Lacock v. White, this language of Chief Justice Gibson is said to be a mere dictum, as far as is possible from the point of the case to be decided. But the case of Walker v. Lyon, 3 Pa. R. 98, is substantially the same as that of King v. King. It rules that a transcript of a judgment rendered by a Justice, for an amount beyond his jurisdiction, when docketed in the Common Pleas, cannot be treated as a nullity; the proper remedy is a motion to strike it off, or, perhaps, a writ of error. After a transcript of a judgment before a Justice has been filed in the Common Pleas, the Justice has no further control over the judgment; and therefore on a scire facias on the transcript, it cannot be shown on the plea of non tiel record that the Justice subsequently to the filing of the transcript had opened the judgment and reduced the amount. Green v. Leymer, 3 Watts, 381. See 2 Troub. & H. Pr. 521.
It is not for the purpose of even attempting to show that the rulings on this question are inconsistent that we have thus referred to the subject. “An argument something more than plausible may be made on either side of this question,” says C. J. Black, in Lacock v. White. We are bound by the decision in Boyd v. Miller, although we fear the right of an appeal on the part of the *18 wife, there spoken of, will not prove much more valuable in many instances than the right “to shear the wolf.” Ignorance of her legal rights, or of the method of asserting them; intimidation on the part of her husband, or collusion between him and his creditors, may so operate as to make the statute intended for the wife’s protection but a feeble barrier in the way of creditors seizing her property for the husband’s debts. Instances have not been wanting in this court where the property of a married woman has been seized for the payment of a joint judgment against herself and her husband, obtained before a Justice of the Peace for a liquor bill of the husband ; and in answer to the application of the wife for relief, we have been constrained to say, in the language of Boyd v. Miller : “ You had the right of appeal, and did not avail yourself of it; you have slipped your time, and are now complaining in the wrong tribunal.” Considering it as settled that we cannot open or set aside a judgment entered in the Common Pleas on a transcript from a Justice of the Peace, are we so concluded by this as to compel us to permit the verdict in this case to stand? The question in the precise form in which it is now presented has not, so far as we can ascertain, been decided.
*The writ of scire facias recites the judgment or other record; it presents the plaintiff’s whole case, and constitutes the declaration to which the defendant must plead.
The scire facias must be sued out of the court where the record is; therefore where a transcript of a judgment, obtained before a Justice of the Peace, has been filed in the Common Pleas, the scire facias should issue out of and recite the judgment as of the Common Pleas. 8 S. & R. 479 ; 3 Pa. R. 98; 3 Watts, 381. But the sci. fa. must recite the recovery before the Alderman, the issuing a transcript thereon, and the filing the same in the Prothono-tary’s office. To describe such a judgment generally as of the Common Pleas is bad. The defect can only be reached by a plea of nul tiel record. Miller v. Fees, 3 P. L. J. 243; same case, 2 Clark, 27. One of the judges, who heard this case, stated that he was acquainted with the practice in fifteen or twenty counties of the State, and that a special writ was always issued on a judgment on a transcript. The writ of scire facias in this case describes the judgment generally as of the Common Pleas, making no reference to the transcript on which it was entered, and if the ruling in *19 Miller v. Fees is correct, the defendants would be entitled to judgment on their plea of nul tiel record.
If we direct judgment to be entered on the verdict in favor of the plaintiff in this case, it will be the judgment of this court, founded on a transcript of a Justice of the Peace, which on its face shows no valid judgment against Mrs. Bracey. Generally a judgment on a scire facias is a mere revival of the original, the ascertainment of the sum for which execution may issue; but judgment in a sci. fa. on a transcript from a Justice, filed in the Common Pleas, is a new and distinct judgment from that entered by the Justice. 2 T. & H. 523, citing Green v. Leymer, 3 Watts, 381. Granting that we had no control over the judgment in this case while it remained on the records in the shape of a transcript from the docket of the Justice, we hold that when brought before us on the scire facias to revive it we have a right to pass on its validity to bind the defendants before giving it the sanction of the judgment of this court. A judgment of a Justice for a sum exceeding his jurisdiction, which has been docketed in the Common Pleas, cannot be treated as a nullity ; but on a scire facias issued to revive it, its validity may be attacked on a plea of nul tiel record. Walker v. Lyon, 3 Pa. R. 98. This applies with much stronger force to the case of a married woman. The language of Judge Sharswood, in Swayne v. Lyon, 17 P. F. S. 441, is applicable to the main features of this case. “ Collaterally there may be a valid judgment on a bad declaration—a declaration shoving no cause of action whatever. But I apprehend that cannot be as against a married woman. Every judgment against her which does not show on its face her liability is void. *This is the principle of Caldwell v. Walters, 6 H. 79. The declaration in that case was upon a bond, which was void; the judgment confessed upon it under the warrant of attorney was therefore void. So would have been a judgment on a verdict.”
In Dorrance v. Scott, 3 Wh. 309, it was not only held that a judgment was void which had been entered on a bond with warrant to confess judgment given by a married woman, and in which her husband joined, but it was also ruled that even when a scire facias had been issued upon such a record and judgment had been obtained thereon, the judgment in the scire facias was no lien on the wife’s lands.
*20 No application was made on the trial to amend the record by striking off the name of Elizabeth Bracey, one of the defendants. Since the commencement of this action, James Bracey, the other defendant, has died, leaving, as was stated, no estate. The property of the wife, it was admitted, is the source looked to for the payment of plaintiff’s claim. Our conclusions are: That the record of the Justice does not show that the judgment he rendered against Mrs. Bracey was for a debt contracted by herself, or by her authority, and for necessaries for herself and for her family, and therefore is void for want of jurisdiction. That upon a scire facias issued from the Common Pleas, on a transcript of this judgment, want of jurisdiction in the Justice may be taken advantage of by Mrs. Bracey to defeat the recovery of a judgment in this court.
In thus deciding we think we are not liable to the charge of invading a region free from our jurisdiction (Lacock v. White), or of impinging any question decided in Boyd v. Miller. Any other conclusion will have the effect in this case of defeating the very purpose had in view in the passage of the Act of 11th April, 1848.
And now, April 19, 1874, the rule in this case is made absolute, and it is hereby directed that judgment be entered for the defendants non obstante veredicto.