## GREEN *v.* MANN.

---

**JUDGMENT; SCIRE FACIAS; EXECUTION.**

1. The term " execution," employed in section 1022, R. S. D. C., which provides that when a judgment of a justice of the peace for $20 or over shall be docketed in the Supreme Court of the District of Columbia, its " force and effect shall be the same as to lien and execution as if it had been a judgment of the Supreme Court," is not to be construed in the restricted sense of process simply to collect the amount due on the judgment by levy and sale, but

embraces all of the proper means to execute the judgment, including proceeding by way of *scire facias* to revive the judgment.

2. When a judgment of the justice of the peace is docketed in the Supreme Court of the District of Columbia under section 1022, U. S. D.. C., it is placed upon the footing of a judgment of that court, and that court, and not the justice of the peace, is the proper court to issue a *scire facias* to revive the judgment.

No. 1125. Submitted November 15, 1901. Decided January 7, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia overruling a demurrer to a writ of *scire facias* issued by that court to revive a judgment of a justice of the peace docketed in that court under the provisions of section 1022, R. S. D. C.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* for the appellant:

1. In order to interpret the language of section 1022, R. S. D. C., it is well to consider the law in reference to the enforcement of justice's judgments against real estate prior to the enactment of the legislation, which was June 1, 1870.

Under the act of June 24, 1812 (2 Stats., p. 759), the plaintiff was entitled to his execution against the goods and chattels, lands and tenements of the defendant.

The mischief was, that under this statute it was practically impossible for an intending purchaser to ascertain what liens of justices' judgments might exist against real estate. *Hazel v. Waters,* 3 Cranch C. C. 420.

To remedy this difficulty section 1022 was enacted, being section 2 of the act of June 1, 1870 (16 Stats. 146).

It was manifestly not the purpose of the statute that this docketing of a copy of the judgment should operate to transfer the record from the court wherein the judgment was rendered.

This appears from the language of the section, which provides that the force and effect of the judgment shall be the

same "as to lien and execution," as if it had been a judgment of the Supreme Court.

If it had been the legislative intent to transfer the record, there would have been no qualification, but the provision would have been that the judgment should have the same force and effect as a judgment of the Supreme Court.

But in the same act of June 1, 1870, Congress has expressly declared how judgments of justices of the peace shall be revived, for section 1008 of the Revised Statutes, which is section 11 of the act of 1870, provides that —

"Where a judgment shall have continued for more than one year and shall not be paid or satisfied, it shall be lawful for the justice before whom the judgment shall have been obtained, or for any other justice of the peace, to revive the same by *scire facias.*"

From the foregoing it appears that not only by construction of section 1022, but by express legislative provision in section 1008, the power to revive judgments of justices of the peace is limited to the justice rendering the judgment, or some other justice of the peace.

It also appears that the record remains with the justice who originally rendered the judgment.

A writ of *scire facias* to revive a judgment is a judicial writ which issues from the court where the original judgment was rendered and is a continuation of the original suit.

This doctrine is fully set forth and explained in Freeman on Executions, Sec. 81, and the statement in the text is abundantly supported by numerous citations of authority, of which it is not deemed necessary to cite more than one. *Osgood* v. *Thurston,* 23 Pick. 110.

The Supreme Court of the District of Columbia was therefore without jurisdiction to issue the writ of *scire facias.*

2. An additional reason for such lack of jurisdiction lies in the fact that the copy of the judgment so-called, which is relied upon as the foundation of jurisdiction, was in no wise a compliance with section 1022, because the paper filed was not a copy of the judgment originally rendered, but a copy

of an unauthorized judgment for the recovery of money on a writ of *scire facias.*

*Mr. Charles W. Clagett* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The question presented by this appeal is one of practice, and is of practical importance as to the effect to be given to judgments of justices of the peace of this District, when filed in the clerk's office of the Supreme Court of the District for the purpose of creating a lien upon the real estate of the debtor, and authorizing execution thereon. The question arises upon the construction of section 1022 of the Revised Statutes of the United States relating to the District of Columbia. That section is as follows:

"After judgment for a debt amounting, with interest, to $20, exclusive of costs, before a justice of the peace, the judgment creditor may, when execution is returned ' no personal property found whereon to levy,' file in the clerk's office of the Supreme Court of the District a certified copy of such judgment, which shall be docketed in the docket of law causes in said office in the same manner as appeals from justices are docketed there; and when so docketed *the force and effect of the judgment shall be the same, as to lien and execution, as if it had been a judgment of the Supreme Court.*"*

The proceeding begun in the court below was the issuance of a writ of *scire facias,* wherein is recited a judgment of a justice of the peace recovered by the plaintiff, on the 18th day of May, 1895, against the defendant, for $102.83, debt, with interest thereon from the 27th day of December, 1892, and $6.20 costs. The writ of *scire facias* also recites that a certified copy of said judgment was filed in the clerk's office of the Supreme Court of said District for purposes of lien and execution, as provided by section 1022 of the Revised

---

* See sections 6, 213 and 214 of the Code, District of Columbia, in effect January 1, 1902.— REPORTER.

Statutes of the United States relating to the District of Columbia, on the 17th day of June, 1895. And further, that a writ of execution had been issued on said judgment, as required by the statute, and returned by the proper officer *nulla bona;* "and the plaintiff says that the said judgment is still altogether unsatisfied and remains in full force; wherefore the said plaintiff hath besought that a proper remedy be granted him in this behalf; therefore," etc. The writ of *scire facias* was issued on the 27th day of March, 1901, and returned *scire feci.*

The defendant appeared and demurred to the writ, as being bad in substance; and assigned as cause of error that the record on which the writ issued was not in the Supreme Court of the District, but remained before the justice of the peace by whom the judgment was rendered.

The question thus presented is, whether there is power and jurisdiction in the Supreme Court of the District of Columbia to issue a *scire facias* and revive the judgment of a justice of the peace that has been filed and regularly docketed, under the provision of the statute to which we have referred?

It is contended by the defendant in the judgment that no *scire facias post annum et diem* could issue out of the Supreme Court of the District to revive a judgment rendered by a justice of the peace; but that the *scire facias* should be issued by the same or another justice of the peace, and a transcript of the judgment so revived be thereupon filed and docketed, as in the first instance; and so upon each and every subsequent revival of the judgment: That the original judgment remains in the keeping of the justice of the peace who rendered it, and that nothing but a mere transcript or copy thereof was filed to be docketed; and that, while the Supreme Court, by the terms of the statute, was authorized to issue an execution upon the judgment so entered upon its docket, yet it had no such power or jurisdiction over the record of the original judgment as would authorize it to revive the judgment by *scire facias,* that being *ultra* the power conferred by the statute. But this contention we do not think tenable.

It is very true, that, as a general principle, a *scire facias* to revive a judgment, being founded upon matter of record, can only issue from the court where the record is. It is strictly a judicial writ, issued in a proceeding to execution. But it was certainly competent for Congress, by the statute under consideration, to give force and effect to the transcript and the registry thereof upon the docket of the court, as if it were in fact and reality a judgment of record in the Supreme Court of the District. And this is what we think was in effect done. The judgment of the justice of the peace was made as and placed upon the footing of a judgment of the Supreme Court, upon the filing and docketing the transcript as directed by the statute. This has been the construction of a similar provision in the statutes of several States, in regard to the filing and docketing of transcripts of judgments of justices of the peace in courts of record. After they were thus filed and docketed they were treated and proceeded on as were other judgments of record in the courts. *Jackson* v. *Jones,* 9 Cow. 182, 191; *Jackson* v. *Tuttle,* 9 Cow. 233, 238; *Brannan* v. *Kelley,* 8 Sergt. & R. 479, 480; 3 Watts, 381–383; 3 Penn. Rep. 98.

But it is insisted that, by the terms of the statute, the transcript of the judgment when filed and docketed was only intended to have a limited effect,— that of creating a lien, and giving the right of execution to effectuate the lien. These were doubtless the leading objects to be attained; but the means to the end to be accomplished were not intended to be excluded. The same ground for the restricted construction existed in the cases to which we have referred, and was urged, but it did not prevail. The transcripts filed and docketed were treated as judgments of record in the courts upon whose dockets they were placed, and this by virtue of language very similar to that employed in the statute before us.

The term " execution," as employed in the statute, is not to be construed in the restricted sense of process simply to collect the amount due on the judgment by levy and sale. It embraces all the appropriate means to execution of the judgment. In this sense a *scire facias* is a proceeding to execu-

tion.  In Littleton's Tenures, Sec. 505, it is said, " If after the year and a day the plaintiff will sue out a *scire facias* to know if the defendant can say anything why the plaintiff should not have execution, a plea of release of all executions is a good bar of the writ, and this because the writ of *scire facias* is a writ of execution, and is to have execution, etc." And Coke, in his Commentaries upon this section of Littleton (2 Co. Litt. 291), says that " a release of all executions is a good barre in a *scire facias."*  And in 2 Tidd's Practice, 1090, in treating of the *scire facias,* its foundation and office, says it is to make executionable a judgment, and " that it is properly called a writ of execution."

But apart from these definitions, there are certain reasons for requiring the *scire facias* to revive a judgment, which creates a lien upon the real estate of the defendant, to issue out of a court of record of common-law jurisdiction, in order that parties interested in the land of the defendant may be made parties to the proceeding, with right to defend their interest against the enforcement of the judgment; and this we must suppose to have been within the contemplation of the statute, as the exercise of such jurisdiction would be quite incongruous with that conferred upon a justice of the peace. As said by Mr. Justice Gibson (afterwards Chief Justice), in the case of *Brannan* v. *Kelley,* already referred to, " as the *scire facias* to have execution of the land is a judicial writ, being a part of the proceeding to execution, it is difficult to see any reason why the justice should have jurisdiction of it. There may be *terre-tenants,* not parties to the original suit, who are concerned *only in respect of the land,* and against whom the judgment is *de terris.*  These may come in, and raise questions of difficult solution, which could never have been intended to be submitted to his decision; and it would, beside, seem an incongruity for a justice to decide on the propriety of the Common Pleas (here the Supreme Court) awarding execution.  How could his decision be signified so that the court might be judicially informed of it and obey it ?  It is said that a transcript of his judgment on the *scire facias* also should be filed.  But that would supersede the old

transcript; and, in strictness, seem to break the continuity of the lien, as there would be no apparent connection on the record between the old and new transcript to lead a purchaser to suppose that the lien of the latter extended further back than the date of the entry."

We are of opinion that the demurrer to the *scire facias,* interposed by the defendant thereto, was properly overruled; and that the judgment of the court below should be affirmed; and it is so ordered.         *Judgment affirmed.*