## Saylor's Appeal

*A. K. Hettinger*, for appellant.
*F. J. Gildner*, for Commonwealth.

HENNINGER, J., July 6, 1942.—Appellant is the defendant in Sadrovitz v. Saylor, 20 Lehigh L. J. 37, in which an opinion was handed down today, discharging a rule to strike off a judgment for $54.70 rendered by

a justice of the peace and removed by the successful plaintiff to the Court of Common Pleas of Lehigh County.

Judgment was entered on the transcript on August 20, 1941, and on October 14, 1941, by virtue of section 11 of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, 75 PS §1263, the Bureau of Highway Safety of the Department of Revenue suspended appellant's operator's license for failure to pay said judgment. On October 29, 1941, appellant appealed from said suspension, contending that the above-mentioned judgment was void because the transcript upon which it was entered did not comply with the Act of March 20, 1810, P. L. 208, 42 PS §763, in that it failed to show that, prior to the certification of the transcript, the justice had issued an execution returned by the constable "nulla bona," the judgment having been for less than $100.

The Uniform Automobile Liability Security Act, supra, as amended August 6, 1941, P. L. 855, provides, in part:

"If, within fifteen days after it becomes final, any person fails to satisfy any judgment rendered against him by a court of competent jurisdiction . . . for damages . . . resulting from the operation . . . of a motor vehicle . . . the secretary shall . . . suspend such person's operator's license . . ."

The Act of June 24, 1885, P. L. 160, 42 PS §765, provides that a judgment removed from a justice's docket to the prothonotary's office shall be and "have all the force and effect of a judgment originally obtained in the court of common pleas of said county".

Having found, therefore, in disposition of the rule to strike off, that the judgment above referred to is a valid one, it becomes the judgment of this court. The judgment has remained unsatisfied beyond the period specified in the Uniform Automobile Liability Security Act, supra, and we are constrained, therefore, to find

that the Secretary of Revenue had the right to suspend appellant's license. The proceedings to suspend the license do not constitute a fieri facias upon the judgment and therefore do not come within the terms of the proviso of the Acts of 1810 and 1885, supra, forbidding a fieri facias in the common pleas court until execution is had in the magistrate's office, returned nulla bona. Our appellate courts have held that any proceedings other than a fieri facias are permissible regardless of the lack of a prior execution in the magistrate's office: Green v. Leymer, 3 Watts 381; Swanger v. Snyder, 50 Pa. 218, 222.